UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Mungin, #51077-083,<br><br>                             Petitioner,<br><br>vs.<br><br>John R. Owen, Warden FCI Williamsburg,<br><br>                             Respondent. | C/A No. 3:11-16-MBS-JRM<br><br>**REPORT AND RECOMMENDATION** |

      Petitioner, Michael Mungin, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at FCI Williamsburg, a facility of the Federal Bureau of Prisons. He files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner seeks to vacate his conviction and sentence imposed in the United States District Court for the Southern District of New York.

### *Pro Se* **and** *In Forma Pauperis* **Review**

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if Petitioner had paid the full filing fee, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

This Court takes judicial notice that in 1999 Petitioner was indicted via a superseding indictment in the United States District Court for the Southern District of New York for various crimes including racketeering, conspiracy to commit murder, murder in the aid of racketeering, using and carrying a firearm during and in relation to a crime of violence, and distribution of cocaine and crack cocaine.[2] *See United States v. Michael Mungin,* Cr. No. 1:97-1105-HB-4 (S.D.N.Y. June 22, 2000). It appears that on November 19, 1999, Petitioner pled guilty to four counts contained in

---

2) *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

a superseding information (one count of attempted murder and three counts of conspiracy to commit murder) in exchange for the United States agreeing "to dismiss the original indictment under which he [Petitioner] potentially faced the death penalty." *See* Memorandum and Order, *Mungin v. Holt*, C/A No. 1:07-1711 (M.D.Pa. March 5, 2008), ECF No. 13; *United States v. Michael Mungin,* Cr. No. 1:97-1105-HB-4 (S.D.N.Y. June 22, 2000), ECF No. 48.  It appears that Petitioner's plea agreement provided a stipulated sentence of 480 months imprisonment.  *See* Memorandum and Order, *Mungin v. Holt*, C/A No. 1:07-1711 (M.D.Pa. March 5, 2008), ECF No. 13.  The United States District Court for the Southern District of New York sentenced Petitioner to 480 months imprisonment on June 8, 2000 and entered the judgment on June 22, 2000.[3]  *United States v. Michael Mungin,* Cr. No. 1:97-1105-HB-4 (S.D.N.Y.), ECF No. 58.  Petitioner did not file a direct appeal.  Pet. 4, ECF No. 1.

It appears that on June 26, 2001, Petitioner filed a habeas petition pursuant to § 2255 with the sentencing court, and that court denied the petition on January 25, 2002.  *United States v. Michael Mungin,* Cr. No. 1:97-1105-HB-4 (S.D.N.Y. Jan. 25, 2002), ECF No. 68; *Mungin v. United States*, C/A No. 1:01-5826-HB (S.D.N.Y. Jan. 6, 2010).  Thereafter, on June 2, 2004, Petitioner filed another petition under § 2255 in the sentencing court, and the district court transferred the matter to the United States Court of Appeals for the Second Circuit to determine whether to give permission to pursue the matter. *Mungin v. United States*, C/A No. 1:04-4137-MBM (S.D.N.Y. June 2, 2004), ECF No. 2.  It appears that Petitioner was not successful in his second § 2255 case.  *See Id.*; *United States v. Mungin*, Cr. No. 1:97-1105-HB-4 (S.D.N.Y. Nov. 21, 2006).  Thereafter, it appears that Petitioner requested the United States Court of Appeals for the Second Circuit to give

---

[3] Petitioner seems to have incorrectly listed on his Petition that his criminal sentence was imposed by the United States District Court for the Middle District of Pennsylvania.  Pet. 3, ECF No. 1.

him permission to file a successive § 2255 motion, but that court found that "[t]he evidence Petitioner has submitted is not sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Petitioner guilty of the offenses for which he was convicted." *Mungin v. United States*, C/A No. 1:01-5826-HB (S.D.N.Y. Jan. 6, 2010), ECF No. 4.

While Petitioner was incarcerated at U.S.P. Canaan in Pennsylvania, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 on September 20, 2007, in the United States District Court for the Middle District of Pennsylvania. *See Mungin v. Holt*, C/A No. 1:07-1711-CCC-EC (M.D.Pa. March 5, 2008). Within that § 2241 Petition, Petitioner alleged, among other things, that the imposition of consecutive sentences for each of the four counts of "murder-for-hire" was incorrect because the United States Sentencing Guideline ("USSG") 5G1.2 should be applied retroactively to his case and the multiple count sentences should have been run concurrently. *Id.*, ECF No. 1. On March 5, 2008, the United States District Court for the Middle District of Pennsylvania dismissed the § 2241 Petition for lack of jurisdiction. *Id.*, ECF No. 13. That court found that Petitioner's claims fell within the purview of § 2255 and that the § 2255 savings clause did not apply to Petitioner's case. *Id.*

In the § 2241 Petition *sub judice*, Petitioner alleges that he has newly discovered evidence that was not available to him until November 12, 2010, because Jose Erbo (the Affiant) was a fugitive. Petitioner alleges that Jose Erbo was the alleged leader of a criminal organization known as Tito's Crew and that Erbo signed an Affidavit concerning Petitioner's involvement in the conspiracy. Erbo's Affidavit allegedly proves that Petitioner is factually innocent of the crimes for which he is incarcerated and that Petitioner is legally and factually innocent of his sentence. Pet. 10, 24-25, ECF No. 1. Erbo's Affidavit states that Erbo did not instruct or pay anything of value

4

to Michael Mungin for the murders and/or attempted murders of four individuals and that Mungin is innocent of the acts the government alleged against him. Pet. 24-25, ECF No. 1. Petitioner alleges that Erbo's Affidavit in combination with the enactment of USSG 5G1.2, which became retroactive on November 1, 2007, has rendered Petitioner legally and factually innocent of his 18 U.S.C. § 1959(a)(5) conviction. Petitioner requests that this Court vacate his conviction and sentence "with orders to transfer Petitioner's case back to the original sentencing court in-order for an evidentiary hearing to be conducted before a final disposition is rendered." Pet. 8, ECF No. 1. Petitioner seems to argue that the § 2255 savings clause permits him to bring this § 2241 action because Petitioner is legally and factually innocent of his sentence and conviction and because it would be a miscarriage of justice for this Court to refuse to consider his case. Petitioner seems to argue that USSG 5G1.2 mandates that his four counts of conviction be grouped into one single sentence such that he should have received a 10-year maximum sentence instead of the 40-year sentence.

## Discussion

The threshold question is whether Petitioner's claims are properly raised in this Court pursuant to 28 U.S.C. § 2241. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted). Petitioner is attacking the validity of his 480-month sentence and his conviction, and this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010). Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* The Fourth Circuit Court

of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006).

In this case, Petitioner argues that the savings clause permits him to bring his claims within the § 2241 Petition before this Court. However, the undersigned disagrees. Petitioner does not allege that the substantive law changed such that the conduct of which Petitioner was convicted is now deemed not to be criminal. For example, Petitioner does not allege that 18 U.S.C. § 1959 changed nor that any court has found that the conduct which Petitioner pled guilty to no longer falls within the conduct that 18 U.S.C. § 1959 criminalizes. Thus, the *In re Jones* savings clause test does not seem applicable to Petitioner's case. Moreover, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, *3 (D.S.C. April 7, 2009). *See also United States v. Poole*, 531 F.3d

6

263, 267, n.7 (4th Cir. 2008). Additionally, if a prisoner seeks to be re-sentenced due to a retroactive change in the United States Sentencing Guidelines, it appears that such a prisoner should file a motion in the sentencing court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). *See, e.g., United States v. Dunphy*, 551 F.3d 247, 249 (4th Cir. 2009); *United States v. Brewer*, 520 F.3d 367, 373 (4th Cir. 2008).

Petitioner, of course, does allege that he is factually innocent of the four counts of conviction based on newly discovered evidence. Petitioner relies on Erbo's Affidavit allegedly obtained on or about November 12, 2010. The undersigned believes that Petitioner should move the appropriate court of appeals for permission to file a successive § 2255 motion in the sentencing court based on the alleged new evidence. *See* Title 28 U.S.C. § 2255; 28 U.S.C. § 2244(a). Section 2255(h)(1) provides that a court of appeals may authorize the filing of a successive application if the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." While this standard may be difficult to satisfy and it appears that the Second Circuit Court of Appeals denied Petitioner's request to file a successive § 2255 motion based on newly discovered evidence on January 6, 2010, Petitioner still needs to present that Court of Appeals with his newly discovered evidence.[4] This Court is not the appropriate court to consider Erbo's Affidavit.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v.*

---

4) This Court cannot discern what newly discovered evidence Petitioner recently presented to the Second Circuit Court of Appeals.

7

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner). ***Petitioner's attention is directed to the important notice on the next page.***

                                        Joseph R. McCrorey
                                        United States Magistrate Judge

February 4, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).