IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Mungin, # 51077-083, )<br>                                               )<br>                 Petitioner, )<br>                                               )<br>  vs.                                         )<br>                                               )<br>John R. Owen, Warden, FCI Williamsburg, )<br>                                               )<br>               Respondent. )<br>_____) | C/A No. 3:11-16-MBS<br><br><br>**O R D E R** |

  Petitioner Michael Mungin is an inmate in custody of the Federal Bureau of Prisons who currently is incarcerated at FCI Williamsburg in Salters, South Carolina. Petitioner pleaded guilty in 1999 in the Southern District of New York to one count of attempted murder and three counts of conspiracy to commit murder. See 18 U.S.C. § 1959(a)(5) (prohibiting violent crimes in aid of racketeering activity). Section 1959(a)(5) provides for a sentence of incarceration of not more than ten years. Petitioner was sentenced in 2000 to consecutive terms of 10 years for each count, for a total sentence of 480 months incarceration.

  On January 12, 2011, Petitioner, proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he has newly discovered evidence to demonstrate that he is "actually innocent" of the crimes to which he pleaded guilty. In support, Petitioner submits an affidavit of Jose Erbo, a/k/a "Tito," who is a federal inmate also implicated in the crimes to which Petitioner pleaded guilty. According to Erbo, Petitioner had no involvement in the alleged murders. See ECF No. 1-2. In addition, Petitioner contends that he is "actually innocent of the consecutive sentences that were imposed" by the sentencing judge because U.S.S.G. § 5G1.2 was revised in 2007 to require sentences for multiple counts to be imposed to run concurrently except as otherwise required by law. Stated differently, Petitioner contends that he is

entitled to have his consecutive sentences vacated and that he should be resentenced to concurrent sentences in accordance with the current provisions of § 5G1.2.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1966, and applicable precedents. On February 4, 2011, the Magistrate Judge issued a Report and Recommendation. First, the Magistrate Judge noted that generally a § 2241 petition attacks the execution of a sentence rather than its validity, whereas a motion brought pursuant to 28 U.S.C. § 2255 attacks the legality of detention. In this case, Petitioner's claim of "newly discovered evidence" more properly is brought as a § 2255 motion because Petitioner is attacking the validity of his conviction and sentence. The Magistrate Judge noted that Petitioner previously had filed motions to vacate under § 2255 in the Southern District of New York. Consequently, Petitioner must seek permission from the Second Circuit Court of Appeals to file a successive motion. See 28 U.S.C. § 2244(b)(3)(A). The Magistrate Judge further addressed Petitioner's claim within the context of the "savings clause" of § 2255(e), which provides that a court may hear a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A § 2255 motion is inadequate or ineffective to test the legality of a petitioner's detention when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

2

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The Magistrate Judge noted that the substantive law with respect to § 1989 had not changed such that the conduct to which Petitioner pleaded guilty was now deemed not to be criminal. Accordingly, the Magistrate Judge determined that Petitioner's claim was not encompassed by § 2255's savings clause, such that the court could address the § 2241 petition.

Second, the Magistrate Judge noted that, with respect to Petitioner's contention that he was entitled to a retroactive application of the Sentencing Guidelines and resentencing under U.S.S.G. § 5G1.2, Petitioner's remedy lies pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, the Magistrate Judge recommended that the § 2241 petition be dismissed without prejudice and without issuance and service of process.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, Petitioner again contends that he is "actually innocent" of his § 1959 convictions based upon the "newly discovered evidence" from Jose Erbo a/k/a/ "Tito." Petitioner also contends that his consecutive § 1959 convictions are unlawful under U.S.S.G. § 5G1.2. Petitioner argues that the Magistrate Judge erred in failing to consider the merits of Petitioner's § 2241 petition. The court disagrees. As the Magistrate Judge properly stated, Petitioner must seek relief under § 2255 and § 3582.

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within petition is dismissed *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 1, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**